WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Kristoffer Larsgard, | No. CV-13-00638-TUC-DCB |
| Plaintiff, | ORDER |
| v. | |
| David Straub, et al., | |
| Defendants. | |

This case proceeds to trial on the Second Amended Complaint, Count One, Plaintiff's Sixth Amendment claims against Defendant Straub related to Larsgard's confinement in the Mental Health Unit in December 2012 and against Defendant Ryan in his official capacity related to Larsgard's 2013 hospitalizations outside of Arizona Department of Correction (ADC) facilities. Plaintiff seeks compensatory and punitive damages and injunctive/declaratory relief.[1]

Plaintiff alleges that during one week in 2012 he was confined in ASPC-Tucson, Rincon Mental Health Unit, and Straub, the CO III in charge, refused to allow him to call his attorney unless he could produce documentation to show that the call was necessary and during this week, Larsgard was not allowed any legal documents. The Court found a question of fact exists: whether Straub denied Larsgard any means to communicate with his lawyer during the week of December 19, 2012. (Order (Doc. 137) at 10.)

---

[1] Plaintiff's claim for injunctive relief is not mooted by his release from custody because declaratory relief is available in cases where an injunction is inappropriate. (Order (Doc. 146) at 6.)

Plaintiff alleges that from January 13, 2013, to the 11th, he was confined at University Medical Center, Tucson, and from the 11th to February 6, 2013, he was confined at St. Joseph Hospital, in Phoenix. During these hospitalizations, officers guarding him denied his requests for outgoing and incoming mail and for private attorney telephone calls, and that these officers were acting pursuant to a policy or custom. Ryan is the policy maker for the ADC. Plaintiff alleges a Sixth Amendment violation based on "the ADC's lack of a policy governing access to counsel for hospitalized prisoners or, alternatively, it is based on a policy or custom that denies hospitalized prisoners access to attorneys." (Order (Doc. 146) (summarizing Order (Doc. 137) at 15-17.) And, even if ADC's general policy DO 902 applies, Defendants violated the Sixth Amendment by denying Larsgard any private telephone calls with his attorney, denying him access to incoming and outgoing mail and access to writing materials. The Court found a material factual dispute exists: "whether, during his entire five-week hospitalization, Larsgard was denied the opportunity to privately confer with his attorney either by telephone, mail, or personal visits." (Order (Doc. 137) at 16.)

Plaintiff's claims arise under the Sixth Amendment because during this time he was proceeding on direct appeal to challenge his 2012 conviction; his appeal was denied on May 7, 2013. "The Sixth Amendment guarantees a criminal defendant the right to counsel, and this right extends to the first appeal of right." *Id.* at 7. "[T]he right to counsel includes a right to confidential communication between a defendant and his attorney." *Id.* A plaintiff may bring a civil claim for violations of the Sixth Amendment, as distinct from asserting Sixth Amendment violations as grounds for reversing a conviction. (Order (Doc. 137) at 7-18 (quoting *Nordstrom v. Ryan,* 762 F.3d 903, 911 (9th Cir. 2014) (harm in civil Sixth Amendment case "'is not that tainted evidence was used against him but that his right to privately confer with counsel has been chilled.'") Here, Plaintiff brings such a civil claim seeking compensatory and punitive damages and injunctive/declaratory relief.

Normally, the Eleventh Amendment would preclude compensatory damages against Defendant Ryan because the Eleventh Amendment "bars suits for money damages in

federal court against a state, its agencies, and state officials acting in their official capacities." (Order (Doc. 146) at 3 (citing *Aholelei v. Dept of Public Safety*, 488 F. 3d 1144, 1147 (9th Cir. 2007)). On May, 17, 2018, this Court found that Eleventh Amendment immunity was waived in this case. (Order (Doc. 146) at 3-5.) Accordingly, compensatory damages against Defendant Ryan are not precluded in this case under the Eleventh Amendment.

By cross-motions in limine the parties ask the Court to grant or deny Plaintiff leave to seek punitive damages at trial. (P's Motion (Doc. 159); D's Motion (Doc. 178)). Defendants also ask the Court to limit Plaintiff's claim to nominal damages. (D's Motion in Limine Re: Damages. (Doc. 161.))[2]

The Defendants ask the Court to preclude any introduction of evidence at trial alluding to an entitlement to or a measurement of damages other than nominal damages. Defendants assert that compensatory damages based on Larsgard having lost his appeal are barred by this Court's earlier rulings and *Heck v. Humphrey,* 512 U.S. 477 (1994). Defendants also submit that compensatory damages cannot be asserted now because Plaintiff failed to produce any evidence of actual injury as required for an award of compensatory damages. (Motion (Doc. 161) at 2 (citing *Lewis v. Casey,* 518 U.S. 343, 349 (1996)). This Court has already rejected the Defendants' last argument. (Order (Doc. 47) at 3-5 (clarifying access-to-courts claim in *Lewis* required actual injury for standing but in a civil Sixth Amendment case, under *Nordstrom,* the harm is the constitutional injury: the

---

[22] Related motions are as follows: Ds' Supplemental Response to Plaintiff's Motion Re: Punitive Damages (Doc. 163) (presenting new evidence of Director's Instruction #371); Plaintiff's Motion to Strike Supplemental Response (Doc. 165); Defendants' Response to Motion to Strike (Doc.168) (arguing for summary judgment based on DI#371). By way of Supplemental Response, Defendants' submit a copy of Director Ryan's Instruction # 371 (DI #371), recently adopted since Plaintiff filed the Motion in Limine Re: Punitive Damages. The new directive from Ryan addresses Plaintiff's charge that Defendants acted with reckless or callous indifference to his right of access to counsel because they failed to, and continue to not, take "any corrective action to ensure a person's right to counsel isn't impeded." (P's Motion in Limine Re: Punitive Damages (Doc. 159) at 2. As explained herein, the Court precludes punitive damages against Defendant Ryan, sued in his official capacity. To the extent, Defendants ask the Court to enter judgment as a matter of law for them based on DI #371, the motion for summary judgment, (Response (Doc. 168) is denied. *See also* (Order (Doc. 146) at 7 ((discussing mootness in context of injunctive versus declaratory relief and finding that even if policy or custom changed, it would remain to be determined whether declaratory relief would be appropriate)

right to privately confer with counsel has been chilled). Defendants are correct that compensatory damages cannot be based on Larsgard having lost his appeal. *See* (Order (Doc. 47) (clarifying Plaintiff brings a civil claim with alleged injury being "chilling" of constitutional right to counsel as distinct from challenging legitimacy of criminal conviction, precluding argument by Defendant that Plaintiff's claim is barred by *Heck*).

Compensatory damages must be grounded on determinations of a plaintiff's actual losses. *Memphis Community School District v. Stachura,* 477 U.S. 299, 307 (1986). The basic purpose of § 1983 is to compensate persons for injuries, i.e. losses, that are caused by the constitutional injury, i.e., the deprivation of constitutional rights. *Id.* (citing *Cary v. Piphus,* 435 U.S. 247, 254 (1978)). Patterned on principles derived from the common law of torts where damages compensate for injury caused by a breach of duty, damages in a § 1983 case compensate a plaintiff for injuries caused by a constitutional violation. "To that end, compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as 'impairment of reputation . . . , personal humiliation, and mental anguish and suffering.'" *Id.* (citations omitted). So for example, Plaintiff must present evidence of actual injuries, i.e. actual damages, with some specificity. *Silver Sage Partners Ltd. V. City of Desert Hot Springs*, 251 F.3d 814, 824 (9th Cir. 2001) (while compensatory damages need not be determined with certainty, they may not be based on mere speculation). To be clear, "damages based on the abstract 'value' or 'importance' of constitutional rights are not a permissible element of compensatory damages"—such damages would be too uncertain. *Stachura,* 477 U.S. at 310.

Here, Plaintiff asserts he and/or his criminal attorney can testify that he incurred legal fees above and beyond fees he would have incurred in the appeal, if his attorney had not had to spend time trying to find out where the Plaintiff was being detained and trying to attain access to the Plaintiff when he was hospitalized to communicate with him during the pendency of his direct appeal. (Response (Doc. 162) at 2.) Such evidence would reflect out-of-pocket losses caused by the alleged constitutional violation. Plaintiff may present this type of evidence to prove compensatory damages.

Even where the constitutional violation produces no "actual damages," nominal damages are available. (Order (Doc. 147) at 7 (citing *United States v. Marolf,* 173 F.3d 1213, 1219 (9th Cir. 1999)); *see also* Ninth Circuit Model Jury Instruction 5.6, Comment ("[] nominal damages 'must be awarded in cases in which the plaintiff is not entitled to compensatory damages, such as cases in which no actual injury is incurred or can be proven. [*Hazle v. Crofoot,* 727 F3d 983, 991-92] n. 6 [(9th Cir. 2013)]"). Plaintiff's claims for compensatory and punitive damages "and other relief the Court deems just and proper" are consistent with a claim for nominal damages. (Order (Doc. 146) at 2 n. 1.) Even though not expressly requested, Plaintiff may seek nominal damages at trial-- he does not need to amend the Second Amended Complaint to add a claim for nominal damages.

Plaintiff also seeks punitive damages. "The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff." Ninth Circuit Model Jury Instruction 5.5. Punitive damages are not available in every case, and are not available against municipalities, counties or other governmental entities, *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 259-71 (1981), but may be available against governmental employees acting in their individual capacities, *id.* at 254. As with the common law, Congress precluded punitive damages under 1983 against governmental entities because such an extension of public liability might place unmanageable financial burdens on local governments, and innocent taxpayers would be unfairly punished for the deeds of persons over whom they have no knowledge or control. *Id.* at 265-66.

Plaintiff asserts he "has sued Defendants in their individual capacity." (P's Motion in Limine (Doc. 159) at 2.) Plaintiff does sue Defendant Straub individually, but he sues Defendant Ryan in his official capacity as the policy maker for the ADC. *See* (Screening Order (Doc. 30) at 3 (calling for answer to charge that Defendants Ryan and Schroder were responsible for a policy prohibiting attorney contact). When the Court ruled on Defendants' dispositive motion, it granted summary judgment on all counts and for all Defendants, except for "the Sixth Amendment claim against Straub related to Larsgard's confinement

in the Mental Health Unit in December 2012, and the Sixth Amendment policy claim against Ryan in his official capacity related to Larsgard's hospitalization in 2013." (Order (Doc. 137) at 23.) It could not be clearer that the suit against Defendant Ryan is in his official capacity. The Court described the nature of the suit against Ryan and Schroeder as follows: Larsgard alleged "that officers guarding him at the hospital denied his requests for outgoing and incoming mail and for private attorney calls; that these officers were acting pursuant to a policy or custom; and that Ryan and Schroder were the official policymakers." (Order (Doc. 137) at 12 (citing Second Amended Complaint (Doc. 28) 7, 21)). The Court construed the claims under *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 694 (1978); "thus, Defendants are sued in their official capacities." (Order (Doc. 137) at 12.) The Court dismissed Defendant Schroeder from the case because "bringing an official capacity claim against both is duplicative and unnecessary." (Order (Doc. 137) at 13.) *See* (Order (Doc. 139) at 1 (suit "against Ryan in his official capacity")); (Order (Doc. 150) at 1 (same)); (Order (Doc. 146) at 1 (same)); *see also* (Order (Doc. 146) at 2 (clarifying this is an official-capacity action challenging entity's policy or custom) at 3-5 (finding 11th Amendment immunity, which bars recovery against an agency, as waived)).

Plaintiff may not obtain punitive damages against Defendant Ryan because damages may not be awarded for punitive purposes against a governmental entity and governmental officials acting at the policy making level. Larsgard may seek punitive damages against Defendant Straub, who is sued in his individual capacity, if the evidence at trial could support a finding by the jury that Straub acted maliciously, oppressively, or in reckless disregard of the Plaintiff's rights.

The violation alleged against Defendant Straub spans one week, when Plaintiff was confined in ASPC-Tucson, Rincon Mental Health Unit, and Straub was assigned as Larsgard's CO III. Larsgard alleges that during this week, Straub denied him a scheduled attorney call, during a time period when he was denied incoming and outgoing mail and denied access to writing materials. Hence, Straub's refusal to allow Plaintiff to call his

attorney denied Larsgard any means to communicate with his counsel during this week. The Court has a hard time seeing how the evidentiary record could support an instruction for punitive damages against Defendant Straub, but will reserve its ruling on this until the time of trial.

Accordingly,

IT IS ORDERED that the Plaintiff's Motion in Limine Re: Punitive Damages (Doc. 159) is GRANTED IN PART as to Defendant Straub and DENIED IN PART as to Defendant Ryan.

IT IS FURTHER ORDERED that the Defendants' Motion in Limine Re: Damages (Doc. 161) is DENIED; the Plaintiff is not limited to seeking only nominal damages.

IT IS FURTHER ORDERED that the Defendants' Motion in Limine Re: Punitive Damages (Doc. 178) is GRANTED: Plaintiff may not seek punitive damages against Defendant Ryan, who is sued in his official capacity.

IT IS FURTHER ORDERED that the Plaintiff's Motion to Strike Supplemental Response (Doc. 165) is DENIED.

IT IS FURTHER ORDERED that the Motion to Expedite (Doc. 167) is GRANTED; the Court shall rule expeditiously subsequent to Plaintiff's filing the Response which is due on February 19, 2019.

Dated this 19th day of February, 2019.

Honorable David C. Bury
United States District Judge