**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Kristoffer Larsgard, | No. CV-13-00638-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| David Straub, et al., | |
| Defendants. | |

The Court denied the Plaintiff's motions for telephonic appearance at trial of witnesses Sharron Dowdle and Criss Candelaria. Both were ordered to appear in person at the trial. Plaintiff was also granted leave to obtain their deposition testimony by telephone, video conference or in person. Plaintiff has now scheduled depositions for both witnesses for Thursday and Friday (2/18/19 and 3/1/19). Defendants filed a Motion for Protective Order (Doc. 198), arguing that they should not have to "defend" these depositions until the Court rules on the Motion in Limine Re: Attorney-Client Privilege. (Doc. 175.) Defendants assert that the attorney-client privilege has been waived with respect to all of Plaintiff's communications with his criminal defense attorneys. For reasons explained below, the Court grants in part and denies in part the Defendants' Motion in Limine Re: Attorney Client Privilege. The Motion for a Protective Order is moot.

While Defendants ask the Court to preclude all evidence relating to the criminal case, *see* (Motion in Limine Re: References to Other Cases (Criminal Case) (Doc. 174), they also ask the Court to find that the Plaintiff has waived the attorney-client privilege

with respect to these criminal matters, including: "all relevant matters arising out of counsel's representation of Plaintiff, without limitation; their relevant communications, all issues arising out of and relating to those communications; procedures used for attorney-client communications with incarcerated defendants, [counsel's] relationship with Plaintiff, and the status of Plaintiff's appeal." (Motion (Doc. 175) at 1-2.)

Seemingly in conflict with his Response to the Motion in Limine Re: References to Other Cases (Criminal Case), wherein the Plaintiff argued that he should be allowed to discuss how he lost the chance to provide his lawyer with issues and facts that may have assisted his attorney in preparing his appeal, the Plaintiff argues in respect to the question of attorney-client privilege that "the only issue is whether or not Plaintiff was denied access to counsel by Defendants. (Response (Doc. 185) at 2.) Plaintiff submits that Defendants can "cross-examine Mr. Candelaria regarding his attempts to reach Plaintiff without discussing attorney-client privilege communications. The communications between Plaintiff and Mr. Candelaria and his support staff are not relevant to Plaintiff's Sixth Amendment claim and should not be discussed at trial."

Neither side sets out the law related to waiver. As an initial matter, "'the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege.'" *United States v. Amlani,* 169 F.3d 1189, 1194 (9th Cir. 1999) (citing *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir.1992)). Given the broad scope of the waiver suggested by Defendants, there is an intrusion on the privilege if Defendants ask witnesses about the substance of attorney-client conversations concerning appeal strategies and legal and factual issues related to the appeal. Even the requested billing records are subject to the privilege to the extent that they represent "'correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law.'" *Id.* (quoting *Clarke*, 974 F.2d at 129).

To determine whether Larsgard has waived the attorney-client privilege by claiming that he was denied access to appellate counsel, the Court employs a three-pronged test: 1) is the party asserting the privilege as a result of some affirmative act, such as filing suit; 2) whether through this affirmative act, the asserting party has put the privileged information at issue, and 3) whether allowing the privilege denies the opponent access to information vital to its defense. *Id.* at 1195 (citations omitted). The burden to prove the privilege is carried by the party asserting it. *Lambright v. Ryan,* 698 F.3d 808, 822 (9th Cir. 2012).

Here, the Plaintiff raised the issue of access to counsel in his Sixth Amendment claim. By this claim, he put the communications between him and Candelaria in issue insofar as they related to Larsgard's appeal. He has waived his attorney-client privilege over these communications, including whether the nature of Plaintiff's calls to Candelaria were always about his criminal case. If Larsgard intends to submit evidence of specific facts and issues he was unable to discuss with Candelaria, then in rebuttal the Defendants must know whether such facts and issues had previously been discussed and why or why not those facts and issues had not been included in the Opening Brief. The Opening Brief was filed November 9, 2012, before Larsgard was moved to the Rincon Mental Health Unit. The Answer was filed on January 18, 2019. The Reply Brief was admittedly filed without input from Larsgard on February 7, 2019, the day after he left the hospital. To the extent, the Plaintiff wants to invoke the privilege during Candelaria's deposition to preclude the Defendants from obtaining rebuttal evidence, he does so at his own risk of being precluded at trial from introducing evidence of facts and issues he may have chosen to communicate to his attorneys if he had had access to them. Larsgard may not use the attorney-client privilege as both a shield and a sword.

Defendants do not object to Plaintiff's use of Sharon Dowdle's deposition at trial because she resides in Texas, but do object to using deposition testimony from Candelaria because he resides in Pinetop Arizona. Defendants argue that Candelaria should testify in person at the trial because he is a key witness in the case. He is the only source other than the Plaintiff who can testify to the nature of the attorney-client communications necessary

- 3 -

during the pendency of a direct appeal. He is the only witness who can describe the ADC procedures for lawyer access from the perspective of a criminal defense attorney who wants to communicate with an inmate client. Plaintiff is free to determine whether he wants to offer deposition testimony in the case in chief, but the Court will not allow deposition testimony to be presented which has not been subjected to cross-examination. As noted above, the Plaintiff invokes the privilege at Candelaria's deposition at the risk of having testimony precluded at trial.

The Court finds that the attorney-client privilege is waived as related to communications or lack of communications between Larsgard and counsel related to the direct appeal. To be clear, the Court does not intend to retry Larsgard's criminal case, and whether the attorney-client privilege is waived will not govern the Court's determination regarding admissibility of evidence based on relevancy. The Court has not yet ruled on the Motion in Limine Re: References to Other Cases (Criminal Case). Assuming some allowance, Plaintiff should take care not to open the door to attorney-client communications that remain protected. Heretofore, Plaintiff has not been forthcoming with evidence of actual injury; such evidence is not required in this civil case. (Order (Doc. 191) (referencing Court's prior rulings rejecting Defendants' assertion that actual injury is element of claim). To be clear, specific examples of facts and issues that may have assisted his attorney in preparing the appeal will be precluded at trial unless Defendants have been afforded discovery. The only remaining discovery is Candelaria's deposition.

**Accordingly,**

**IT IS ORDERED** that the Motion in Limine Re: Attorney-Client Privilege (Doc. 175) is GRANTED IN PART AND DENIED IN PART as explained above.

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that the Motion for Protective Order (Doc. 198) is DENIED AS MOOT.

Dated this 25th day of February, 2019.

Honorable David C. Bury
United States District Judge